ACCEPTED
03-14-00375-CV
7469409
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/21/2015 10:21:04 AM
JEFFREY D. KYLE
CLERK

NO. 03-14-00375-CV

IN THE THIRD COURT OF APPEALS, AUSTIN, TEXAS

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/21/2015 10:21:04 AM
JEFFREY D. KYLE
Clerk

AusPro Enterprises, LP,
Appellant,

v.

Texas Department of Transportation,
Appellee.

*Amicus Curiae* Brief in Support of Appellant by the Marion B. Brechner First Amendment Project

Eugene Volokh*
UCLA School of Law
First Amendment
Amicus Brief Clinic
405 Hilgard Ave.
Los Angeles, CA 90095
volokh@law.ucla.edu
(310) 206-3926

Philip Durst
Deats Durst & Owen, P.L.L.C.
1204 San Antonio, Suite 203
Austin, Texas 78701
pdurst@ddollaw.com
(512) 474-6200
*Counsel for Amicus Curiae*

* Counsel would like to thank Vikram Iyer, a UCLA School of Law student who worked on this brief.

## IDENTITY OF PARTIES AND COUNSEL

The Appellant's Brief correctly identifies the parties and their counsel.

The *amicus curiae* on whose behalf this brief is filed is the Marion B. Brechner First Amendment Project.

The counsel for this *amicus curiae* are:

Eugene Volokh
UCLA School of Law
First Amendment
Amicus Brief Clinic
405 Hilgard Ave.
Los Angeles, CA 90095
volokh@law.ucla.edu
(310) 206-3926

Philip Durst
Deats Durst & Owen, P.L.L.C.
1204 San Antonio, Suite 203
Austin, Texas 78701
pdurst@ddollaw.com
(512) 474-6200
*Counsel for Amicus Curiae*

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL..............................................i

TABLE OF CONTENTS.....................................................................ii

INDEX OF AUTHORITIES............................................................... iii

INTEREST OF *AMICUS CURIAE*.....................................................1

SUMMARY OF THE ARGUMENT .....................................................1

ARGUMENT .....................................................................................3

    I.    The Sign Code Impermissibly Discriminates Between Campaign Signs (Among Other Signs) and Nonprofit Service Club, Charitable Association, and Religious Organization Signs .................................................................3

    II.    The Sign Code Impermissibly Distinguishes Between Immediately Upcoming and Future Elections ........................5

CONCLUSION..................................................................................7

CERTIFICATE OF COMPLIANCE....................................................8

CERTIFICATE OF SERVICE............................................................9

# INDEX OF AUTHORITIES

## Cases

*McCullen v. Coakley*, 134 S. Ct. 2518 (2014), .............................. 2, 5, 6, 7

*Reed v. Town of Gilbert*, 135 S. Ct. 2218 (2015). ........................... passim

*Survivors Network of Those Abused by Priests, Inc. v. Joyce*, 779 F.3d 785 (8th Cir. 2015) ................................................................. 5

## Statutes

TEX. TRANSP. CODE § 391.005 .............................................................. 2, 3

TEX. TRANSP. CODE § 391.031(a)(1) ......................................................... 3

## Regulations

43 TEX. ADMIN. CODE § 21.143 ................................................................ 3

43 TEX. ADMIN. CODE § 21.146(a)(10) ............................................... 2, 3, 6

43 TEX. ADMIN. CODE § 21.146(a)(6) ......................................................... 4

## INTEREST OF *AMICUS CURIAE*

The Marion B. Brechner First Amendment Project is a nonprofit, nonpartisan organization located at the University of Florida in Gainesville, Florida. Directed by Prof. Clay Calvert, the Project is dedicated to contemporary issues of freedom of expression, including current cases and controversies affecting freedom of speech, freedom of press, freedom of petition, and freedom of thought.

*Amicus*'s arguments may assist the Court in deciding this matter. As an organization dedicated to research into First Amendment rights, and advocacy in support of such rights—though one with no direct stake in the outcome of this case—*amicus* is well-positioned to offer this Court information about the U.S. Supreme Court's Free Speech Clause precedent.

No fees were paid in connection with the preparation of this brief.

## SUMMARY OF THE ARGUMENT

In *Reed v. Town of Gilbert*, 135 S. Ct. 2218 (2015), the U.S. Supreme Court held that sign regulations are content-based when they impose different restrictions based on the information that a sign conveys. The Texas sign code provisions that impose a time limit for campaign signs,

but no such limit for nonprofit service club, charitable association, or religious organization signs, are therefore content-based.

Likewise, in *McCullen v. Coakley*, 134 S. Ct. 2518 (2014), the U.S. Supreme Court held that a statute is content-based "if it require[s] 'enforcement authorities' to 'examine the content of the message that is conveyed to determine whether' a violation has occurred." *Id.* at 2531 (citations omitted). TEX. TRANSP. CODE § 391.005 and 43 TEX. ADMIN. CODE § 21.146(a)(10), which allow election signs only for 90 days before an election, require enforcers to examine the content of a sign to determine to which election it refers. A sign that reads "Vote for John Smith for Mayor," when the mayoral election is 80 days away, is allowed, but "Vote for Jane Jones for President," when the presidential election is 120 days away, is forbidden; determining whether the sign is forbidden thus requires "examin[ing] the content of the message." This distinction between signs about immediately upcoming elections and signs about further-off elections is thus likewise content-based.

Because these provisions of the sign code (among others[1]) are content-based, they are subject to strict scrutiny: the state must show that the content discrimination is narrowly tailored to a compelling government interest. *Reed*, 135 S. Ct. at 2231. The state does not even argue that these provisions pass strict scrutiny. The content distinctions must therefore be invalidated.

## ARGUMENT

**I.    The Sign Code Impermissibly Discriminates Between Campaign Signs (Among Other Signs) and Nonprofit Service Club, Charitable Association, and Religious Organization Signs**

Texas law generally forbids signs within 660 feet of a highway. TEX. TRANSP. CODE § 391.031(a)(1); 43 TEX. ADMIN. CODE § 21.143. Election-related signs are exempted from this prohibition, but only when are erected no more than 90 days before the election date. TEX. TRANSP. CODE § 391.005; 43 TEX. ADMIN. CODE § 21.146(a)(10). Nonprofit service club, charitable association, and religious organization signs, on the other hand, are not subject to a time limit. 43 TEX. ADMIN. CODE §

---

[1] *Amicus* is focusing on these provisions, rather than trying to exhaustively catalog all the content-based distinctions present in the sign code.

21.146(a)(6). This distinction makes these provisions a content-based speech restriction.

In *Reed*, the U.S. Supreme Court struck down a sign ordinance that subjected temporary directional signs, political signs, and ideological signs to different time limits. 135 S. Ct. 2218, 2224-25 (2015). The Court held that the sign code was content-based because the restriction imposed on any given sign depended on whether its message directed the public to an event, discussed an election, or communicated other ideas:

> If a sign informs its reader of the time and place a book club will discuss John Locke's Two Treatises of Government, that sign will be treated differently from a sign expressing the view that one should vote for one of Locke's followers in an upcoming election, and both signs will be treated differently from a sign expressing an ideological view rooted in Locke's theory of government. On its face, the Sign Code is a content-based regulation of speech.

*Id.* at 2227.

Likewise, under Texas law, if a sign informs its reader to vote for Bob Smith because he is one of Locke's followers, it will be treated differently than if it tells people about "events" or "locations" of a John Locke Club. The election sign cannot be put up until 90 days before the election; the club sign can be permanent. That makes the law content-based under *Reed*.

4

Nor does it matter that the State may have lacked a censorious motive for implementing its sign code. "A law that is content based on its face is subject to strict scrutiny regardless of the state's benign motive, content-neutral justification, or lack of 'animus toward the ideas contained' in the regulated speech." *Id.* at 2228.

## II. The Sign Code Impermissibly Distinguishes Between Immediately Upcoming and Future Elections

In *McCullen*, the U.S. Supreme Court held that a statute is content-based "if it require[s] enforcement authorities to examine the content of the message that is conveyed to determine whether a violation has occurred." 134 S. Ct. at 2531. The statute in *McCullen* prohibited standing within 35 feet of an abortion clinic. *Id.* at 2525. The Court held that the *McCullen* statute was content-neutral because whether the demonstrators violated the statute depended not on what they said but only on where they said it. *Id.* at 2531; *see also Survivors Network of Those Abused by Priests, Inc. v. Joyce*, 779 F.3d 785, 789, 791 (8th Cir. 2015) (quoting and applying the *McCullen* test in concluding that a restriction on disturbing "profane discourse, rude or indecent behavior" outside churches was content-based, because "[e]nforcement authorities must decide . . . whether the speaker" is "us[ing] profane or rude expression").

5

Here, unlike in *McCullen*, an enforcer of § 21.146(a)(10) must indeed examine what the sign says, because the section distinguishes speech about immediately upcoming elections from speech about other elections that are further in the future.

Assume, for example, that a sign stating, "Vote for John Smith" is erected on April 1, 2016. Under § 21.146(a)(10), enforcement authorities must consider the content of the sign in determining what election the sign is referring to, in order to determine when it will be. If the election is within 90 days, the sign is allowed. But if the election is, for instance, the November 2016 Presidential election, the sign is forbidden. Unlike with the statute in *McCullen*, it is impossible to determine if the sign violates § 21.146(a)(10) without examining its content.

This content discrimination has practical effect, because some campaign seasons—such as the presidential campaign season—are longer than others. As with the sign in this very case, § 21.146(a)(10) will thus disproportionately affect advocacy of candidates for President. But ultimately, regardless of whether this disproportionate effect is considered, § 21.146(a)(10) cannot be enforced without looking at the content of each sign, which makes it content-based.

## CONCLUSION

The Texas sign code impermissibly distinguishes between different categories of signs by imposing a time limit on campaign signs but not on charitable signs. It also impermissibly disfavors signs relating to future elections by imposing a 90-day window on campaign signs.

The sign code is thus, in relevant part, facially content-discriminatory, and anyone enforcing it must examine a sign's content to determine if that sign violates the act. Under *Reed* and *McCullen*, then, the code is content-based. The content distinctions identified above must be judged under strict scrutiny, and the state does not even argue that those distinctions would pass this rigorous standard. *Amicus* therefore request that this Court find in favor of the appellant.

Respectfully submitted,

/s/ Philip Durst

| | |
|---|---|
| Eugene Volokh | Philip Durst |
| UCLA School of Law | Deats Durst & Owen, P.L.L.C. |
| First Amendment | 1204 San Antonio, Suite 203 |
| Amicus Brief Clinic | Austin, Texas 78701 |
| 405 Hilgard Ave. | pdurst@ddollaw.com |
| Los Angeles, CA 90095 | (512) 474-6200 |
| volokh@law.ucla.edu | *Counsel for Amicus Curiae* |
| (310) 206-3926 | |

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4(i)(2) because it contains 1,279 words, excluding the parts of the brief exempted by Texas Rule of Appellate Procedure 9.4(i)(1).

/s/ Philip Durst
Philip Durst

## CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), and (e), I certify that, on October 21, 2015, I have served this document on all counsel listed below, via the Court's electronic-filing system:

Meredith B. Parenti
Parenti Law PLLC
7500 San Felipe, Suite 600
Houston, TX 77063
meredith@parentilaw.com

*Counsel for Appellant*

Ken Paxton
Scott A. Keller
Charles E. Roy
Douglas D. Geyser
Matthew Bohuslav
Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, TX 78711-2548
douglas.geyser@
    texasattorneygeneral.gov

*Counsel for Appellee*


/s/ Philip Durst
Philip Durst